In the Matter of the Claim of DAVID J. BALDWIN, Respondent, v. CENTRAL GENERAL HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board affirming a Referee's decision which found claimant was entitled to disability benefits. Claimant was injured in an auto accident in March, 1967 and was paid disability benefits by the then insurance carrier of his employer. In March, 1969 a third-party action was settled and the disability carrier was reimbursed out of the proceeds of that settlement, claimant receiving $1,178 for himself after payment of all expenses and charges. In May, 1969 claimant returned to work and continued to do so until September of 1969. At that time surgery was performed to correct a nonunion fracture of the left navicular bone, an injury resulting from the 1967 accident. During 1969 the employer's disability benefits carrier changed. Claimant was disabled for more than 26 weeks and by decision of the board the present carrier of the employer has been called upon to pay benefits for that disablement. Appellants allege (1) that claimant is not entitled to any additional benefits for disability as a result of the surgery and (2) if claimant is entitled to additional benefits, appellants should be given credit for net recovery in the third-party settlement. The disabili-

ties of March, 1967 and September, 1969 are each sufficient to entitle claimant to benefits. (Workmen's Compensation Law, § 201, subds. 8, 9.) The initial injury and the surgery are separate and distinct because they occurred more than three months apart even though they were both caused by or related to the accident. (Workmen's Compensation Law, § 204, subd. 1.) The fact that the settlement was made without the consent of appellant carrier does not bar claimant for two reasons. First, the settlement ($3,500) exceeded the exposure of the disability benefits carrier known at the time (Workmen's Compensation Law, § 227, subd. 3) and second, the appellant carrier was not involved in that settlement or the lien on it and had no right to withhold consent to the settlement in any event. Section 227 of the Workmen's Compensation Law provides that "The carrier liable for payment of disability benefits * * * shall have a lien on the proceeds of any recovery from such third party * * * after the deduction of reasonable and necessary expenses" to the extent of the total amount of benefits paid. Claimant's original benefits carrier was reimbursed from this settlement but, of course, appellant was not. The claimant's disability arising from the injury in 1969 was separate from the liability compensated by the third-party settlement. The appellant is not now entitled to a credit or reimbursement from that fund. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.